CASE 45—PETITION ORDINARY—APRIL 22.

## Arnold v. Bryant.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. SIGNING NAME ACROSS THE BACK OF A PROMISSORY NOTE, without being a payee in such note or assignee thereof, makes the party so signing a guarantor, and each signature and delivery shall authorize the *bona fide* holder of the same to fill up the blank with words of guaranty to himself or order. (Act of January 24, 1866, Myers's Supplement, 741.)

2. If the name of a person not a payee or assignee of a note is written across its back in blank above the name of the payee, the legal presumption would be that his indorsement was made before delivery to the payee, and he would be liable as a guarantor.

3. If the name of such person as indorser in blank follows the signature of the payee, this presumption would be changed, and in the absence of all evidence it would be held that he was the assignee and the payee the assignor of the note.

4. But this presumption is not conclusive, and upon its being shown that such indorser did not own the note, either as payee or assignee, at the time he so signed his name in blank upon its back under the signature of the payee, a subsequent *bona fide* holder had the right to fill up the blank with words of guaranty.

　　So soon as the proof established the fact that the indorser was an entire stranger to the note, never having held or owned it, the burden of proof was shifted upon him, and to escape responsibility as guarantor it became necessary that he should show that his contract was one of assignment and not of guaranty, and failing to do this he is held to be liable as guarantor.

5. A trustee is made a competent witness by substituting his *cestui que trust* as plaintiff in his stead, and the necessary bond for costs being executed.

D. M. RODMAN, . . . .⎱
JOHN & JOHN W. RODMAN, ⎰ . . . . . . For Appellant,

CITED

Revised Statutes, Myers's Supplement, 741, Act of Jan. 24, 1866. Ms. Opinion, 1862-3, Miller v. Bourman.

Arnold v. Bryant.

1 Duvall, 80, Levi v. Mendel.
2 Metcalfe, 216, Kellogg, &c. v. Dunn, &c.
1 Duvall, 209, Price v. Carpenter.
18 B. Monroe, 760, Warner v. Turner.

BARR & GOODLOE, ⎫
—— HUMPHREY,   ⎬  . . . . . . . . For Appellee.

(Brief withdrawn or misplaced.)

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Shivell executed to Bush his note for the sum of one thousand six hundred dollars, secured by a mortgage on certain realty situated in or near the town of Eminence. Bush wrote his name across the back of the note as assignor, and placed it in the hands of Shivell for the purpose of enabling him by the sale thereof to raise money.

The note was sold to John W. Arnold, trustee for Emma Arnold. He, however, refused to make the purchase until Shivell procured the name of J. M. Bryant to be indorsed on the back of the note immediately under that of the payee Bush. Arnold, regarding the note as commercial paper, caused it to be protested for non-payment, and brought a joint suit against Shivell, Bush, and Bryant. The latter defended upon the ground that he was the mere assignor of an ordinary promissory note, and that no action could be maintained against him until the payor had been prosecuted to insolvency. Arnold afterward amended his petition, and alleged that Bryant was a stranger to the note, that he had never held it as assignee, that he indorsed it to give it currency and to enable Shivell to sell it, and thereby become a guarantor to each subsequent *bona fide* holder. Upon the filing of this amendment the court permitted Arnold to fill up the blank above Bryant's name with words of guaranty.

Bryant answered, denying that he intended to become bound as guarantor, and insisting that he merely intended to

assume the responsibility of assignor. He does not, however, deny that he was a stranger to the note, or claim that he owned it as assignee of Bush at the time he signed his name upon the back of it; and from the circumstances proven in the case it is very clear that he did not so own it. The second section of an act approved January 24, 1866 (Myers's Supplement, 741), provides "that whenever a person or persons shall sign his or their name in blank upon the back of a promissory note, without being the payee in such note or the assignee thereof, and deliver the same, each signature and delivery shall authorize the *bona fide* holder of the same to fill up the blank with words of guaranty to himself or order." Whether or not this case is embraced by the provisions of this act is a question of some difficulty.

In the case of Needham v. Page (3 B. Monroe, 466) it was decided that where a party wrote his name in blank across the back of a promissory note before it was delivered to the payee, an intention to guarantee the payment of the debt would not be implied, there being no proof as to the object intended or of the motive or consideration upon which the indorsement was made. In the cases of Kellogg v. Dunn, &c. (2 Metcalfe, 216), Weller v. Baurman (Ms. Opinion, 1862), and Levi v. Mendell (1 Duvall, 77), it was held that as such signing of a name across the back of a note was to be regarded as done for some purpose, and not merely as an idle act, authority to fill up the blank according to the intent with which the signing was done will be presumed, and in the last-named case this intention was allowed to be proved by oral testimony.

It is insisted that the act of 1866 was intended to apply only to transactions of the character involved in those cases, and to render certain and definite the liability incurred by the person signing his name in blank across the back of a note to which he is not a party before its delivery to the payee.

Arnold v. Bryant.

While we concur with counsel that this was doubtless one of the considerations by which the legislature was influenced, it seems to us that the language of this act will not allow it to be confined to this class of cases alone.  The language is "that whenever a person or persons shall sign his or their name in blank upon the back of a promissory note, without being the *payee* in such note or *assignee* thereof," etc.  In each one of the cases cited the signing had been done before the delivery of the note to the payee; and it follows that, unless it was intended to extend the operations of this act to other and different transactions, the words "*or assignee*" following the word "payee" must be regarded and treated as mere surplusage.

Where the indorsements are made before the note is delivered to the payee, no question can possibly be raised as to the fact of the parties signing being strangers to the direct undertaking of the maker of the note; and in such cases as the note has not been delivered, of course it could not have been assigned or transferred.  Some effect must be given to the words "or assignee," and this can only be done by so construing the act as to make it govern in all cases in which a party who does not own the note, either as payee or assignee, writes his name in blank across the back of it.  If the name of Bryant had preceded that of Bush, the payee of the note, the legal presumption would have been that his indorsement was made before its delivery.  As it follows the name of such payee, this presumption is changed; and in the absence of all evidence it would be held that he was the assignee of Bush, and that Arnold held as his assignor.  But this presumption is not conclusive; and as the proof satisfactorily shows that in point of fact Bryant did not hold or own the note, either as "*payee or assignee*," at the time he signed his name in blank upon the back of it, the appellant, being a *bona fide* holder, had the right to fill up the blank with words of guaranty.

So soon as the proof established the fact that Bryant was an entire stranger to the note, never having held or owned it, the burden of proof was shifted upon him; and to escape responsibility as guarantor it became necessary that he should show that his contract was one of assignment, and not of guaranty; and as he failed to do this, we are of opinion that the court below erred in dismissing appellee's petition.

It was proper to allow Emma Arnold to be substituted for John W. Arnold as plaintiff; and that having been done, and the necessary bond for costs executed, he was a competent witness.

The judgment of the court of common pleas is reversed, and the cause remanded for a new trial consistent with this opinion.